# Mobile, Jackson & Kansas City Railroad Co. *v.* Middleton.

*Bill in Equity to enjoin Railroad Company from laying its Track in Street of City.*

1. *Injunction; when decree granting injunction during term of lease is not erroneous.*—When the owner of a leasehold estate in property abutting upon the street of a city, files a bill to enjoin the defendant from building its railroad track along said street, and under the facts and conditions existing at the time of the decision of the case, as presented by the pleadings and evidence, it is shown that the respondent had no right to build its railroad in that part of said street upon which the complainant's property abutted, and there is no suggestion either by pleading or proof, that other and different conditions might arise in the future during the term of complainant's lease which would give respondent such right, a decree granting the relief prayed for and enjoining the defendant from building and laying its track upon said street during the term of complainant's lease, is proper and free from error; and there is no reason shown for a·modification of such decree, so as to limit the operation of the injunction purely to the conditions existing at the time the hearing.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellee, Robert Middleton, against the Mobile, Jackson & Kansas City Railroad Company and the Gulf City Construction Com-

pany. The facts averred in the bill, and which, upon the hearing were shown to exist, were substantially as follows:

The complainant was lessee for a term of years of a large piece of property in the city of Mobile abutting on Water street, and upon this property was conducting an extensive business, which required him and other people to pass with vehicles to and from his said leased premises over and along Water street. The Western portion of Water street was occupied by a railroad track belonging to the Louisville & Nashville Railroad Company, and is divided from the remaining portion of said street by a fence. The remaining portion of Water street, which is east of said fence, is the only portion of said street which is open to travel by the general public, and is so narrow that if occupied by a railroad track there would not be a sufficient distance from the track to the sidewalk for vehicles to pass. The city of Mobile, by its general council, passed an ordinance authorizing the respondent to lay its track on Water street. The Gulf City Construction Company was under contract with the Mobile, Jackson & Kansas City Railroad Company to lay and construct its track along said Water street. If said Railroad Company constructed and maintained its track along said Water street it would be very dangerous for vehicles to attempt to pass along said street, and the principal and only means available of access to all of complainant's said premises would be practically destroyed. It was averred in the bill that the general council of the city of Mobile did not have authority to pass the ordinance granting the Mobile, Jackson & Kansas City Railroad Company the right to lay and construct its track in and along said Water street.

The prayer of the bill was that the respondents be enjoined and restrained from laying and constructing said track along said Water street.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and enjoined the defendants, their officers, agents and servants "from laying or constructing the railroad track of the Mobile,

Jackson & Kansas City Railroad Company on that portion of Water street which lies east from the fence, * * * during the term of complainant's lease."

From this decree the Mobile, Jackson & Kansas City Railroad Company prosecutes the present appeal, and assigns the rendition thereof as error.

McIntosh & Rich, for appellants.—The chancellor exceeded his authority in decreeing *unconditionally* that appellant be perpetually restrained and enjoined from laying its track along the street in front of appellee's property. There can be no question that appellant being a railroad corporation, authorized to construct and operate a railroad under the laws of the State of Alabama, would have the right to condemn appellee's easement of access, and would have the right to use it for railroad purposes after making just compensation to appellee. This right is entirely cut off and denied by the decree of the chancellor, and we submit that this is reversible error and that we are entitled, under any conditions, to have the decree modified to the extent of permitting appellant to condemn appellee's easement of access.—Constitution, (1875), Art. XIV, § 21; *M. & C. R. R. Co. v. Tenn. R. Co.,* 96 Ala. 571; Lewis on Eminent Domain, § 319; *Cal. S. R. R. Co. v. Kimball,* 61 Cal. 90; *Chicago, etc. R. Co. v. Dunbar,* 100 Ill. 110; *Gilbert v. Railroad Co.,* 76 N. Y. 361.

Gregory L. Smith and Joel W. Goldsby, *contra.* This court has already held that the charter of Mobile did not authorize the grant of this very franchise; that the construction of this very track would be unlawful, and that an abutting property holder had the right to enjoin it.—*L. & N. R. R. Co. v. M., J. & K. C. R. R. Co.,* 124 Ala. 162.

But even if such an ordinance could be lawfully adopted, the record does not show that it has been done; neither the pleading nor evidence suggests such an ordinance, and certainly the court was not obliged to provide in its decree for every possible future contingency. The

[Mobile, Jackson & Kansas City Railroad Co. v. Middleton.]

constitution might be changed in many particulars, new acts of the Legislature might be adopted, Water street might be widened, appellee might assign his lease to another, or surrender it up; but certainly the court is not called on to make, without evidence or suggestion in the pleading provision in its decree for all such possible future contingencies. It can only decree upon the rights of parties as presented.—*Cook v. Johnson*, 47 Conn. 175; *People v. Gold Run Ditch and Mining Co.*, 66 Cal. 115; 4 Pac. Rep. 1150.

McCLELLAN, C. J.—Under the facts and conditions existing at the time of the decision of this case in the court below, as presented by the pleadings and evidence, the respondent not only had no right to build its railroad in that part of Water street upon which complainant's leasehold abutted, but so long as that state of things continued it would not have such right in the future; nor was it even suggested that other and different conditions might arise in the future during the term of complainant's lease upon which respondent would have such right. Though thus without right to construct its road at that place during the lease, or afterwards as far as appears for that matter, the respondent was about to proceed to lay its road there. That the chancellor correctly adjudged the want of right in respondent is not questioned on this appeal. Having so adjudged, it remained for him to decree an injunction against the respondent in that behalf to obtain pending complainant's leasehold estate in the abutting land, and that was the only proper decree for him to render. He was not bound to forecast the future and anticipate new conditions upon which respondent might acquire a right to construct its road there, and provide in the decree that the injunction shall not apply in the event such things should happen, any more than in a decree enjoining one from entering upon certain lands, there should be a qualification to the effect that the writ should not hold in the event the party enjoined should purchase the land. In neither case, that at bar nor the one suggested, would the injunction continue to operate after the person enjoined had acquired the right to do the act enjoined sub-

sequently to the decree and independently of the matters and things involved in the case decreed upon. We do not think, therefore, that the decree should be modified so as to limit the operation of the injunction purely to conditions existing at the hearing, which is sought by this appeal, or that there is any necessity even from appellant's point of view for such modification.

Affirmed.